J-S43044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDAN BULLARD | : | |
| | : | |
| Appellant | : | No. 3339 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001534-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDAN BULLARD | : | |
| | : | |
| Appellant | : | No. 3340 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008811-2022

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 12, 2026**

In these consolidated appeals, Brendan Bullard ("Appellant") appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant challenges the discretionary aspects of his revocation sentence.  After careful review, we affirm.

The revocation court set forth the history of Appellant's case as follows:

On January 17, 2023, Appellant [] entered into a negotiated guilty plea before this [c]ourt to one count each of violations of the Uniform Firearms Act ("VUFA") §§ 6106 and 6018[1] on CP-51-CR-0001534-2022 [case 1534], one count each of VUFA §§ 6106 and 6108 on CP-51-CR-0008811-2022 [case 8811], and one count of possession with intent to distribute ("PWID") on CP-51-CR-003572-2021.[fn] Pursuant to the negotiations, this [c]ourt sentenced Appellant to an aggregate term of 3 years of probation. On September 6, 2023, a violation of probation ("VOP") hearing was held before this [c]ourt. This [c]ourt continued Appellant's probation with new conditions requiring him to attend outpatient mental health treatment, create a mental health treatment plan with his probation officer, and comply with forensic intensive recovery ("FIR") recommendations. A presentence investigation report was prepared in advance of that hearing.

On October 31, 2024, while on this [c]ourt's probation, Appellant pled guilty to firearms charges in federal court. Following a VOP hearing on November 15, 2024, this [c]ourt found Appellant in direct violation of its probation. On [case 1534], this [c]ourt imposed a VOP sentence of 3 to 6 years of confinement for VUFA § 6106 and a concurrent 1 to 2 years of confinement for VUFA § 6108. It imposed an identical VOP sentence on [case 8811]. This [c]ourt ordered these sentences to be served consecutive to one another and to Appellant's federal sentence, for an aggregate VOP sentence of 6 to 12 years of confinement. This [c]ourt was in possession of, and reviewed, Appellant's federal presentence investigation report ("PSR") prior to imposing its VOP sentence. The federal PSR was released to this [c]ourt solely for the purposes of the VOP hearing, with an order that it not be made publicly available. N.T. 11/15/2024 5:5 – 6:20.

On November 21, 2024, Appellant filed a motion for reconsideration of [his] VOP sentence. On December 16, 2024, Appellant filed a timely notice of appeal[2] to the Superior Court of

---

[1] 18 Pa.C.S. §§ 6106 and 6108.

[2] Because the deadline to file the notice of appeal in this case fell on a Sunday, the notice of appeal filed on the following Monday is deemed to be timely filed. 1 Pa.C.S. § 1908.

Pennsylvania.[3]    This [c]ourt issued an order pursuant to Pa.R.A.P. 1925(b), requiring Appellant to file a concise statement of matters complained of on appeal on December 31, 2024. Appellant filed a concise statement on January 13, 2025, in which he asserts that this [c]ourt's VOP sentence is manifestly excessive in light of the mitigation presented at sentencing.

fn. Not at issue in this appeal.

Trial Court Opinion ("TCO") at 1-2.

Appellant raises the following issue on appeal:

Did the lower court err as a matter of law, abuse its discretion, and violate general sentencing principles, when it imposed a manifestly excessive sentence, imposing consecutive sentences above the recommended sentencing guidelines, which failed to address [Appellant's] clear mental health issues and rehabilitative needs?

Consolidated Brief for Appellant at 3.

Appellant raises a challenge to the discretionary aspects of his sentence. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc*) (discretionary aspects of sentencing may be challenged on appeal from revocation of probation); **Commonwealth v. Bonds**, 890 A.2d 414, 417 (Pa. Super. 2005) (allegation "effectively seek[ing] review of the length of his sentence" presents a challenge to discretionary aspects of sentencing). Claims involving the discretionary aspects of sentencing do not entitle an appellant to review as of right.   Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by

_____

[3] Appellant properly filed a separate notice of appeal for each criminal case, as required by **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  On February 20, 2025, Appellant filed an application to consolidate the appeals pursuant to Pa.R.A.P. 513, which was granted on February 28, 2025.

satisfying a four-part test:

> [W]e must engage in a four-part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.[4]

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (some citations and quotation marks omitted). The imposition of total confinement upon the revocation of probation is authorized when the defendant has been convicted of a new criminal offense. 42 Pa.C.S. § 9771(c)(1)(i).

In the case at bar, Appellant has filed a timely notice of appeal, and a timely post-sentence motion. Appellant's brief also contains the required Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal. Accordingly, we now evaluate whether the issues Appellant presents for our review raise a substantial question that the sentence imposed is not appropriate under the Sentencing Code.

This Court will examine an appellant's Rule 2119(f) statement to determine whether Appellant has raised a substantial question. *Cartrette*, 83 A.3d at 1042. We consider whether the appellant has forwarded a plausible

---

[4] We note that Pa.R.Crim.P. 708(E) specifically applies to a motion to modify a defendant's sentence imposed following the revocation of probation, requiring that such motion be filed within 10 days of the imposition of sentence.

argument that the sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.*

In his consolidated brief to this Court, Appellant's Rule 2119(f) statement more fulsomely asserts that the trial court imposed a manifestly excessive sentence. More specifically, Appellant argues:

> The imposition of consecutive, rather than concurrent, sentences may raise a substantial question where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. [Appellant] raises the substantial question that the court imposed a manifestly excessive and unreasonable sentence that runs contrary to the fundamental norms that underlie the sentencing process and misapplied 42 Pa.C.S. § 9721(b) and 204 Pa. Code § 303.13. On the first case, 1534, [Appellant] was sentenced, without any weight being given to the mitigating circumstances, to the aggravated range of the sentencing guidelines. On [8]811, the court went even beyond the aggravated range, and then made this excessive sentence consecutive to [case] 1534, for a combined sentence of 6 to 12 years' incarceration on cases in which [Appellant] had originally entered into a negotiated plea for 3 years' probation. The court also imposed this sentence consecutive to the 30-month federal sentence that [Appellant] was already serving. In total, [Appellant], only 24 years' [*sic*] old, and with an original prior record score of zero, will serve 2½ years in federal custody, followed by 6 to 12 years in state incarceration, having never even served county time previously.
>
> Accordingly, this Court may vacate a judgment of sentence if the trial court abused its discretion by imposing an excessive sentence.
>
> This Court should grant allowance of appeal from the discretionary aspects of Appellant's sentence because the sentence was manifestly excessive and unreasonable. Everyone agrees that [Appellant] suffers from a serious mental health issue, as well as a drug problem. While the court suggested that it had tried everything, [Appellant] was actually only in treatment for two weeks when he occurred [*sic*] the last gun arrest. No one would expect [Appellant] to be rehabilitated in two weeks. The sentencing court basically threw up its hands, claimed that it had

- 5 -

tried, and then sentenced [Appellant] well outside the guidelines. Surely, the sentencing guidelines did not intend for a mentally ill 24-year-old to be essentially warehoused for 6 to 12 years, plus the additional 30 months of federal time, after failing to get a handle on his opioid addiction and his mental health issues in only 2 weeks' time.

Rather than focus on this proper area of individualized sentencing, the lower court focused on a sentence designed solely for purposes of punishment, vindicating its own authority and ignored his need for treatment and rehabilitation based on a clear mental health and substance abuse issue.

Consolidated Brief for Appellant at 9-12 (citations omitted).

Appellant's Pa.R.A.P. 2119(f) statement thus argues that the trial court abused its discretion when it: imposed consecutive sentences which resulted in an unduly harsh aggregate sentence which was manifestly excessive and unreasonable; improperly emphasized an impermissible factor related to the vindication of the court's authority; and failed to consider mitigating factors such as Appellant's mental health and drug addiction issues. *Id.* We conclude that Appellant has raised a substantial question. *See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016) (finding a claim that a sentence is manifestly excessive and constitutes too severe a punishment in a revocation case raises a substantial question.); *Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015) (finding a substantial question may be raised where the decision to impose consecutive sentences makes the aggregate sentence unduly harsh and excessive in light of the nature of the criminal conduct); *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (claim that the sentencing court abused its discretion in imposing an aggravated range sentence based upon its consideration of

J-S43044-25

impermissible sentencing factors is a substantial question).  We thus consider the merits of Appellant's arguments.

We must first consider our standard of review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Stewart,* 327 A.3d 301, 304 (Pa. Super. 2024).  When imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).  In addition, "[w]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on the victim and community, and rehabilitative needs of the defendant." *Swope*, at 338.  A court must consider the resentencing guidelines when determining the appropriate sentence to impose after a revocation of probation.  204 Pa. Code § 307.2.  However, "a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." *Commonwealth v. Walker,* No. 1456 EDA 2024, 2025 WL 2462789, *3 (Pa.

- 7 -

Super. filed August 27, 2025) (unpublished memorandum) (internal citation and quotation marks omitted).[5]

Where the sentencing judge had the benefit of a presentence investigation report it is presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Pasture*, 107 A.3d at 28. Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c). We also consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

_____

[5] We cite to unpublished non-precedential Superior Court decisions filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

In addressing Appellant's sentencing claim, the revocation court stated

the following:

> The VOP sentence imposed by this [c]ourt was legal. Subject to limitations, upon revocation of probation the sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing. Relevant here, the sentencing court may impose a sentence of total confinement "if the defendant has been convicted of another crime." In this case, [18 Pa.C.S.] § 6106 is a felony of the third degree punishable by up to 7 years of confinement. [18 Pa.C.S.] § 6018 is a misdemeanor of the first degree punishable by up to 5 years of confinement. Therefore, the sentence of 3 to 6 years of confinement for each count of [18 Pa.C.S.] § 6016 and 1 to 2 years of confinement for each count of [18 Pa.C.S.] § 6018 was within statutory limits.
>
> Under the resentencing guidelines when the defendant's prior record score ("PRS") was 0 to 4 at the original sentencing, the PRS is increased by one category. At the time of his original sentencing, Appellant's PRS was 0. Therefore, for the purposes of resentencing, Appellant's PRS is 1. The offense gravity score ("OGS") for [18 Pa.C.S.] § 6016 with a loaded firearm, the lead offense of CP-51-CR-0008811-2022, is a 9. Therefore, the guidelines call for 18 to 30 months of confinement, plus or minus 12 months, and this [c]ourt's sentence falls within the aggravated range. The OGS for [18 Pa.C.S.] § 6016 with an unloaded firearm, the lead offense of CP-51-CR-0001534-2022 is a 7. Therefore, the guidelines call for 9 to 16 months of confinement, plus or minus 6 months, and this [c]ourt's sentence falls above the guidelines. This [c]ourt deviated from the guidelines based on the seriousness of Appellant's criminal conduct and his unwillingness to comply with the terms of his probation.
>
> This [c]ourt considered all aggravating and mitigating factors and determined that a consecutive state sentence was necessary to rehabilitate and punish Appellant, to protect the public, and to vindicate the court's authority. This [c]ourt is "very familiar" with Appellant and his struggles with mental health and addiction

issues, as it imposed Appellant's original sentence, reviewed the PSI prepared for the 2023 VOP hearing, and reviewed the federal PSR[6] for [the] instant VOP hearing. ***See* … *Commonwealth v. Ventura*,** 975 A.2d 1128, 1135 (Pa. Super. 2009) (*citing* ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)) ("where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). This Court also considered Appellant's family support, his age, and the fact that he had been a victim of multiple shootings. This [c]ourt firmly believes that Appellant would benefit from, and should have the opportunity to attend, mental health and addiction treatment. Unfortunately, although this [c]ourt has ordered treatment and placed Appellant in programs, Appellant has had trouble fully cooperating with treatment and continues to commit criminal offenses. ***See*** Gagnon II, 11/5/2024 (Appellant failed to provide[] treatment enrollment to probation in September 2023, attended group meetings in 2024 but failed to provide urine samples as required by treatment center). This [c]ourt was particularly troubled by the fact that Appellant chose to unlawfully possess a firearm while on probation for firearm offenses, explaining that:

> … [Appellant had] failed to appear for – for probation, we've attempted dual diagnosis treatment, he's absconded, and unfortunately he's back here in front of the [c]ourt, due to a third firearm. We sent him to Wedge, we went him to Fruits of the Family Table, CeaseFire: we've tried so many different things for [Appellant] to get back on the right path.

> Although I'm glad we're not here for a crime of violence the [c]ourt does need to vindicate its authority to let people know that you're not allowed to carry a firearm in Philadelphia, especially when you don't have a license to carry, and especially when you know that you're ineligible to carry one.

> … I reviewed the PSR in detail to look for additional reasons to mitigate and unfortunately the real – the biggest reason

---

[6] This is the federal equivalent of a pre-sentence investigation report (PSI), and the parties in this case agreed that the revocation court could rely upon the report compiled in Appellant's federal case, as it was "more than sufficient" for its purpose. N.T., 11/15/24 at 5-6.

- 10 -

> to mitigate is someone with mental health issues but as I
> said, *the [c]ourt's already attempted to help him out with
> those issues and th[at] seems to be something [] that he's
> not interested in.*
>
> Therefore, this [c]ourt appropriately determined that less
> restrictive sentences and measures had failed to rehabilitate
> Appellant, and that a consecutive state sentence was necessary
> to protect the public and to provide Appellant with a meaningful
> chance at rehabilitation.

TCO at 3-5 (most citations omitted) (emphasis in original).

Based upon our review of the record, we discern no abuse of discretion in the imposition of Appellant's sentence. Specifically, we disagree with Appellant's claim that the revocation court failed to adequately consider Appellant's mental health and drug addiction mitigation evidence. The resentencing court reviewed multiple pre-sentence investigatory reports prior to imposing the revocation sentence; thus we presume that the court was aware of all appropriate mitigation evidence. ***Ventura***, 975 A.2d at 1135. The revocation court discussed being "very familiar" with Appellant's addiction struggles and his mental health. While Appellant argues that the court didn't give him a fair chance in that he had only been in treatment for a very short time, that doesn't appear to accurately reflect Appellant's history. The revocation court recognized that Appellant's delay in obtaining mental health treatment and refusal to abide by requirements like the giving of urine samples during his treatment demonstrated his reluctance to address this serious issue. This Court "may not weigh the evidence or substitute its judgment for that of the trial court." ***Colon***, 102 A.3d at 1041.

- 11 -

With respect to Appellant's assertion that the court erred in imposing a sentence solely to vindicate the court's authority, we note that 42 Pa.C.S. § 9771, regarding the modification or revocation of a probationary sentence, was amended effective June 11, 2024 to remove that phrase from the statutory factors considered when revoking a sentence of probation. Nonetheless, although the revocation court did state that it needed to vindicate its authority during resentencing, "[r]evocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." *Commonwealth v. Foster*, 214 A.3d 1240, 1251 (Pa. 2019). While the revocation court used this discontinued phrase, we conclude that stating the need for a "vindication of the court's authority" is just another way of saying that the court's sentence as imposed initially has not effectuated the aims of rehabilitation and not deterred further criminal acts. Moreover, this was not the sole reason for Appellant's sentence – for example, the court discussed the resentencing guidelines. TCO at 3. Appellant's possession of a third handgun, while on probation in two firearms possession cases, was noted by the court as evidence that probation was not acting as a deterrence. This phrasing does not evince an abuse of discretion.

Further, the trial court did not abuse its discretion in imposing sentences in the aggravated sentencing guideline range or outside the sentencing guidelines in this case. We observe that the trial court explained that it had

considered the recommended guideline ranges, as well as the protection of the public, Appellant's the rehabilitative needs, the gravity of the offenses, and the impact on the life of the victims and the community when departing from the sentencing guidelines. **See** TCO at 3-5. When reviewing a sentence imposed that is outside of the resentencing guidelines, the essential question is whether the sentence imposed was unreasonable. 42 Pa.C.S. § 9781(c)(3). "A sentence may be found unreasonable if it fails to properly account for" the four statutory factors of Section 9781(d). **Commonwealth v. Sheller**, 961 A.2d 187, 191 (Pa. Super. 2008).

We find that the sentence was indeed reasonable. It is clear from the court's explanation that it considered all the requisite factors in its resentencing calculus. Further, the trial court did not abuse its discretion in imposing consecutive sentences, based on the prior decisions of this Court which have consistently held that a defendant is not entitled to a "volume discount" at sentencing for committing multiple offenses. **See Swope**, 123 A.3d at 341. In sum, we find no abuse of discretion in the imposition of the revocation sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026

- 13 -